UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
WEST COAST LIFE INSURANCE
COMPANY,
                 Petitioner,

v.

SWISS RE LIFE & HEALTH AMERICA
INC.,
                 Respondent.
--------------------------------------------------------------x

**ORDER**

21 CV 5317 (VB)

      Petitioner West Coast Life Insurance Company ("WCL") moves, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., to confirm a final arbitration award (the "final award"), issued on April 28, 2021. (Doc. #1). WCL also moves to continue sealing the final award, filed as Exhibit 3 to the petition. (Doc. #8). Respondent Swiss Re Life & Health America Inc. ("Swiss Re") has joined WCL's petition to confirm the final award and motion to seal. (Doc. #12).

      On April 28, 2021, a panel of three arbitrators issued a unanimous final award resolving the parties' dispute regarding respondent's claimed right to increase reinsurance rates under two agreements. On June 4, 2021, petitioner filed a motion, which was opened as a miscellaneous case, for leave to file the final award under seal as part of its petition to confirm the final award. West Coast Life Ins. Co. v. Swiss Re Life & Health Am. Inc., Case No. 21 MC 467. The final award was appended to the proposed petition as Exhibit 3. Respondent joined petitioner's motion to seal the final award. On June 15, 2021, Judge Gardephe, sitting as the Part 1 judge, granted petitioner's motion to seal the final award (Exhibit 3 to the petition) for a period of seven days, and directed the parties to file any requests for continued sealing to either the current Part 1 judge or the judge ultimately assigned to the case.

      On June 16, 2021, petitioner filed its petition to confirm the final award (case no. 21 CV 5317), with the final award (Exhibit 3) filed under seal. Pursuant to Judge Gardephe's order, on June 21, 2021, petitioner filed a separate motion to continue sealing Exhibit 3. The same day, respondent joined both the petition to confirm the final award and the motion to continue sealing Exhibit 3. According to respondent, it agrees, and has always agreed, to abide by the final award and to treat it as a binding judgment.

      Because the parties agree (i) the arbitration award is a final award, (ii) that judgment should be entered, and (iii) the award is enforceable, and because they further jointly request that the Court enter an order confirming the final award, the petition to confirm the final award issued April 28, 2021, is GRANTED and the final award is CONFIRMED. See 9 U.S.C. § 9.

      The parties also jointly request that the Court continue sealing the final award, filed as Exhibit 3 to the petition. Generally, arbitration awards filed in connection with a petition to confirm that award are considered "judicial documents that directly affect [] the Court's adjudication of that petition," see Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.,

1

2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012), and therefore sealing of the award requires that the movant demonstrate that "sealing is necessary to preserve higher values." Id. Here, however, because the parties jointly request that the Court confirm the final award, the final award itself does not "directly affect the Court's adjudication of that petition." Id. Thus, the final award is not a "judicial document" subject to a presumption of access. Moreover, the Court is persuaded by the parties' assertion that the final award should be sealed because it is subject to a confidentially agreement and contains confidential, sensitive, and proprietary information that could potentially prejudice the outcomes of related legal disputes not before the Court as well as prejudice the parties in future competitive business negotiations.

Accordingly, the motion to continue sealing the final award (Exhibit 3) is GRANTED. (Doc. #8).

## CONCLUSION

The petition to confirm the final award issued April 28, 2021, is GRANTED and the final award is CONFIRMED. The Clerk is instructed to enter Judgment accordingly.

The Clerk is further instructed to continue sealing Exhibit 3 to the petition.

The Clerk is further instructed to terminate the pending motion (Doc. #8) and close this case.

Dated: June 28, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge